UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PEARL BETA FUNDING, LLC,

        Plaintiff,

v.

BIODATA MED. LABS., INC., ET AL,

        Defendant.

**DECISION AND ORDER**
16-CV-1033S

        On November 23, 2016, Plaintiff filed a Confession of Judgment against Defendant Biodata Med. Labs., Inc., and other entities in New York State Supreme Court, Erie County. (Notice of Removal, Docket No. 1, ¶ 4 and Exhibit A.) Two days later, on November 25, 2016, the County Clerk entered judgment in the amount of $47,411.82. (Id. at ¶ 6 and Exhibit A.) On November 28, 2016, Defendant voluntarily filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Central District of California. (Id. at ¶ 1.)

        About one month later, on December 22, 2016, Biodata filed a Notice of Removal in this court, purporting to remove the state court judgment to federal court under 28 U.S.C. § 1452. It then moved to change venue to the United States District Court for the Central District of California for eventual referral to the United States Bankruptcy Court for the Central District of California, where it has instituted an adversary action to challenge the judgment. (Docket No. 3.) In response, Plaintiff cross moves for remand, contending that there is no proper basis for removal. (Docket No. 6.) For the reasons that follow, this Court finds that remand is required.

1

Claims related to bankruptcy cases may be removed to federal court. Twenty-eight U.S.C. § 1452 provides as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Under 28 U.S.C. § 1334, district courts have original and exclusive jurisdiction over all Title 11 cases, as well as original, but not exclusive, jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. See 28 U.S.C. §§ 1334 (a) and (b); Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 96 (2d Cir. 2004).

Out of respect for states' rights and in keeping with the limited jurisdiction of federal courts, removal jurisdiction is "strictly construed," with all doubts resolved against removal. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). The removing party bears the burden of establishing proper

jurisdiction. United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

Here, this Court finds that Biodata has not established proper removal jurisdiction under 28 U.S.C. § 1452. That is, it has not demonstrated that the $47,411.82 judgment standing alone is a qualifying "claim" or "cause of action" for purposes of § 1452. Relying on the definition of "claim" in 11 U.S.C. § 101 (5), which references a "right to payment," Biodata argues that it can properly remove the state judgment, which it has taken no action to disturb, simply because a judgment may constitute a right to payment. But even assuming that the judgment here would meet the definition of "claim" in § 101 (5), that definition section applies only to Title 11; it does not define "claim" for purposes of 28 U.S.C. § 1452, and Biodata cites no authority otherwise.

By its plain terms, 28 U.S.C. § 1452 contemplates removal of an asserted claim or cause of action in a pending civil action. See 28 U.S.C. § 1452 (permitting removal of any claim or cause of action to the district court for the district where such civil action *is pending*) (emphasis added). There is no claim or cause of action pending in state court. Plaintiff filed a confession of judgment and the County Clerk entered judgment two days later. That ended the matter. No further proceedings remain. While Biodata maintains that the confession of judgment and subsequent entry of judgment are void—and has raised that assertion in the California adversary proceeding—it concedes that no similar claim or cause of action has been brought in state court to attack or defend the judgment. (See Memorandum of Law, Docket No. 10, p. 6 (conceding that Biodata has not sought to vacate the judgment in state court)). Had such a proceeding been brought, a different

3

result might obtain. But there is no present proceeding, and therefore, Biodata has failed to establish the existence of a "claim" or "cause of action" in a pending civil action subject to removal under § 1452.

Biodata argues that removal and transfer is necessary to avoid inconsistent rulings. That is, to avoid conflicting rulings from the California bankruptcy court and the New York State Supreme Court concerning the validity of the state court judgment. But this just highlights the deficiencies in removal: there is presently no state action in which an inconsistent ruling could be rendered. This is therefore an empty concern.

Plaintiff has failed to establish proper removal jurisdiction. See United Food, 30 F.3d at 301 (removing party bears the burden of establishing jurisdiction). It has come forward with no persuasive authority supporting its position that the idle state judgment is properly removable under 28 U.S.C. § 1452. With no claim or cause of action pending in state court subject to removal, Plaintiff's motion to change venue will be denied, Biodata's motion to remand will be granted,[1] and this case will be remanded to the New York State Supreme Court, Erie County. The parties will bear their own attorney fees and costs.

IT HEREBY IS ORDERED, that the Motion to Change Venue (Docket No. 3) is DENIED.

FURTHER, that the Motion for Remand (Docket No. 6) is GRANTED.

---

[1] As discussed, there is no claim, cause of action, or proceeding to remand to state court. This Court directs remand solely to complete the state court record.

4

FURTHER, that the parties bear their own attorney fees and costs.

FURTHER, that the Clerk of Court is directed to REMAND this case to the New York State Supreme Court, Erie County, and then CLOSE this case.

Dated:    August 21, 2019
             Buffalo, New York

                                                <u>/s/William M. Skretny</u>
                                                WILLIAM M. SKRETNY
                                                United States District Judge